**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CONNIE LOU NORTH,**

    **Plaintiff,**

    v.

                           Civil Action 2:14-CV-0052
                           JUDGE ALGENON L. MARBLEY
                           Magistrate Judge Elizabeth P. Deavers

**CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**OPINION AND ORDER**

Plaintiff, Connie Lou North James D. Vance, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Disability Insurance Benefits and Security Income. This matter is before the Court for consideration of Plaintiff's Objections (ECF No. 24) to United States Magistrate Judge Elizabeth A. Preston Deavers' Report and Recommendation (ECF No. 21), recommending that the Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's decision denying her applications for benefits. For the reasons stated below, the Court **OVERRULES** the Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation. Accordingly, the Court **AFFIRMS** the Commissioner's decision.

**I.**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive").  Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice withing which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal; citation omitted).  Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## II.

Plaintiff lodges a single objection to the Magistrate Judge's Report and Recommendation.  Specifically, Plaintiff contends that the Magistrate Judge erred in finding that

the ALJ's failure to articulate the weight he assigned to State agency opinions was harmless error and by concluding that the ALJ properly formulated her residual functional capacity ("RFC").  The Court disagrees.

Here, the Magistrate Judge found that the ALJ's failure to articulate the precise weight he assigned to the State agency opinions was harmless error.  She found that the ALJ's statement that he formulated the RFC "in deference" to the State agency psychologists' opinions was sufficient to connote he was attaching significant weight to these opinions.  Assuming without conceding the Magistrate Judge was correct in this interpretation, Plaintiff nevertheless contends that the ALJ failed to explain how he arrived at an RFC with lesser restrictions than those opined by the three State agency psychologists to whom he purportedly gave deference.

Here, with respect to Plaintiff's argument that the ALJ erred by failing to specifically assign a particular weight to the State agency physicians' opinions, the Magistrate Judge found as follows:

> "Deference," by its terms, connotes that the ALJ assigned significant, if not controlling weight to the opinions.  In any event, this lack of specificity amounts to no more than harmless error.  Where an ALJ's opinion permits plaintiff and a reviewing court a clear understanding of the reasons for the weight given to a medical source opinion, strict compliance with procedural requirements for addressing medical source opinions may be excused as harmless.  *See Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (holding failure to comply with procedural requirements for addressing a treating physician's opinion harmless).

(Report and Recommendation, at 10, ECF No. 21.)  Assuming without deciding that this statement is correct as to the articulation regarding the ALJ's assignment of weight to the medical opinion, as does Plaintiff, the Court need not determine whether the error is harmless because the Court concludes that the ALJ did not err, and substantial evidence supports his

3

determinations with respect to Plaintiff's RFC.

At bottom, Plaintiff contends the ALJ erred in failing to include restrictions against fast paced and quota-driven work in the RFC finding. In assessing Plaintiff's RFC, the ALJ had this to say regarding Plaintiff's mental capacity:

> From a mental standpoint, Dr. Umana and Dr. Rivera concluded that the claimant had limited stress tolerance but could understand, remember and carry out simple instructions and some that are more complex and had adequate concentration for routine, repetitive tasks in work settings where duties are routine and predictable. . . . Dr. Hoffman had earlier given a similar assessment but also indicated that claimant's interaction with others should be routine and superficial. . . . In deference to these opinions, the claimant is limited to tasks that are simple to moderately complex but routine and predictable in setting with no more than superficial interactions with others.

(R. at 18.)

The Magistrate Judge summarized her conclusions with respect to Plaintiff's chief complaint about which Plaintiff now challenges as follows:

> Plaintiff's main objection is that the ALJ did not, in her view, adequately account for her psychological impairments, in particular, her moderate limitation in maintaining concentration, persistence or pace, in formulating the RFC. At step three of the sequential evaluation process, the ALJ concluded that Plaintiff's mental symptomatology caused mild limitations in her activities of daily living, mild limitations in social functioning and moderate limitation in concentration, persistence or pace. At step three, however, the ALJ was assessing whether Plaintiff's mental impairments caused at least to "marked" limitations or one "marked" limitation with "repeated" episodes of decompensation to determine whether "paragraph B" criteria were satisfied.[1]
>
> > [1] The ALJ specifically noted that "[t]he limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. . . ." (R. at 16.)
>
> Within this contention of error, Plaintiff relies upon *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir. 2010), to argue that the ALJ's RFC failed to account for her moderate limitations in concentration, persistence, or pace that the ALJ found at step three of the sequential analysis. Here, the ALJ's mental RFC restricted Plaintiff

4

>to "tasks that are simple to moderately complex but routine and predictable" and "no more than superficial interactions with others." Plaintiff contends that *Ealy* stands for the proposition that limiting a claimant to simple to moderately complex but routine and predictable tasks, as here, does not properly account for a claimant's moderate limitations in concentration, persistence, or pace. (Pl.'s Statement of Error 9-12, ECF No. 16.) It appears that Plaintiff maintains that the ALJ should have also limited her to performing tasks in an environment without fast-paced production demands. The Undersigned finds this contention of error to be without merit.
>
>A plaintiff's RFC "is defined as the most a [plaintiff] can still do despite the physical and mental limitations resulting from her impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of RFC is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e).
>
>Here, the Undersigned finds that substantial evidence demonstrates that the ALJ's RFC adequately accounted for all of the limitations he found credible. The ALJ concluded within his RFC determination that Plaintiff could perform tasks that are "simple to moderately complex but routine and predictable" and could have "no more than superficial interactions with others." (R. at 16.) Contrary to Plaintiff's assertion, the ALJ's decision does not reflect that the ALJ credited evidence that would support a finding that Plaintiff had pace limitations on her ability to perform unskilled, simple, and repetitive tasks. Significantly, the ALJ's RFC finding follows the RFC finding of reviewing physicians Drs. Umana and Rivera, whom the ALJ accorded "deference." (R. at 19.) Drs. Umana and Rivera rated Plaintiff as moderately limited in her ability to maintain attention and concentration for extended periods and her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (R. at 101, 111.) These doctors concluded that the RFC that the ALJ adopted accommodated all of these limitations. Moreover, in support of the RFC, the ALJ also relied upon and assigned "deference" to the opinion of Dr. Hoffman, who had reviewed the file prior to Drs. Umana and Rivera, to the extent Dr. Hoffman found that Plaintiff had the ability to perform simple and some detailed tasks, and moderate limitation to social functioning. (R. at 15, 396.) . . . In light of the foregoing, the Undersigned concludes that the limitations the ALJ incorporated into the RFC adequately addressed the moderate limitations in concentration, persistence, or pace that the ALJ and the medical sources found.

(Report and Recommendation, at 10-12, ECF No. 21 (footnote omitted).)

The Court agrees with the Magistrate Judge's analysis and adopts her recommendation.

While dressed as a complaint about whether the ALJ committed harmless error in articulating the

5

amount of weight assigned to the medical evidence, Plaintiff's objection to the Magistrate Judge's conclusions is clearly based on her contention that she was due a restriction to work that did not require strict production or time quotas in the RFC.  The Magistrate Judge analyzed this precise issue thoroughly.  As she noted, Drs. Umana and Rivera did not place functional limitations on Plaintiff's ability to maintain pace when performing simple to moderately complex, but routine and predictable tasks.  Moreover, the record reflects that the ALJ did not credit Dr. Hoffman's pace limitation.  Substantial evidence support's the ALJ's RFC determination.

Accordingly, the Court finds that Plaintiff's objection is not well-taken.  It is therefore **OVERRULED.**

### III.

The Court, having reviewed the record *de novo*, for the reasons set forth above, Plaintiff's Objections (ECF No. 24) are **OVERRULED** and the Report and Recommendation (ECF No. 21) is **ADOPTED**.  Accordingly, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY
UNITED STATES DISTRICT COURT**

**DATED: March 31, 2015**